UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL JAIME,<br><br>　　　　　Defendant. | 4:16-CR-40126-KES-01<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Michael Jaime, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 78. Plaintiff, the United States of America, opposes Jaime's motion. Docket 80. For the following reasons, Jaime's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On April 2, 2018, the court sentenced Jamie to a term of 110 months in custody for committing the offense of carjacking. Docket 68 at 2. The court ordered the imprisonment to run concurrent to any sentence yet to be imposed in CRI 16-005667 in Second Judicial Circuit Court, Minnehaha County. *Id.* at 2.

Jamie's Guideline range, based on a total offense level of 26 and a Criminal History Category of V, was 110-137 months in custody. Docket 58 at 16. Jaime's criminal history included felony convictions for burglary, domestic

2

abuse, and two separate convictions for fleeing a peace officer, which resulted in a criminal history score of 11, placing him in criminal history category V. *Id.* at 6-12.

Jamie filed a motion requesting assistance to determine whether he is eligible for a sentence reduction under Amendment 821 to the Sentencing 2 Guidelines. Docket 78 at 1. Because he cites to Amendment 821 and it is unclear if he is seeking release due to U.S.S.G. § 1B1.10(b)(2)(A)) or U.S.S.G § 4C1.1, the court will analyze his motion under both provisions of the recent amendments.

**I.    U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Jamie does not meet the U.S.S.G. § 4A1.1(e) criteria for a sentence reduction. *See* Docket 58. Jamie did not receive any "status points" because he did not commit the instant offense while under any criminal justice sentence. Therefore, Jamie is not entitled to a "status point" reduction.

3

## II.  U.S.S.G § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G § 4C1.1.

Jaime fails to meet the criteria for zero-point offenders, as outlined in U.S.S.G. § 4C1.1(a). Eligibility at criterion 1 requires that a defendant have zero criminal history points. Jaime had 11 criminal history points for his previous convictions. Docket 58 at 12. Therefore, Jaime does not qualify for a reduction. The court denies Jamie's motion.

## CONCLUSION

It is ORDERED that Jamie's motion (Docket 78) is DENIED.

Dated February 14, 2024.

      BY THE COURT:

              */s/ Karen E. Schreier*
              KAREN E. SCHREIER
              UNITED STATES DISTRICT JUDGE